UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM-DENNIS,

                Plaintiff,                          Case No. 2:25-cv-12892

v.                                                  Hon. Brandy R. McMillion
                                                    United States District Judge

ROBERT B. HELLMAN, *et al.*,

                Defendants.
_____/

### OPINION AND ORDER GRANTING DEFENDANTS'
### MOTION TO DISMISS (ECF NO. 10)

This is a *pro se* 42 U.S.C. § 1983 civil rights action.  Plaintiff William-Dennis initiated this action against Robert B. Hellman, Jr. , United Bridge Partners, Bay City Bridge Partners (collectively, "Defendants"), for violating "his right to travel as a national of Michigan[.]"  *See* ECF No. 1, PageID.5.  Before the Court is the Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See* ECF No. 10.  The Motion has been fully briefed.  *See* ECF Nos. 12, 13.  In lieu of holding a hearing, the Court will rule based on the record before it.  *See* E.D. Mich. L.R. 7.1(f)(2).  For the reasons stated below, the Motion is **GRANTED**.

**I.**

As best the Court can discern, this lawsuit arose from a single instance when William-Dennis, a self-described "Michigan national," sought to travel across a bridge in Bay City, Michigan.  *See* ECF No. 1, PageID.5.  The crux of this case is

1

that William-Dennis was later mailed a bill for a toll charged to him after crossing a bridge owned by the Defendants. *See* ECF No. 1, PageID.6; ECF No. 10, PageID.49. He alleges the Defendants have created an unlawful system to charge fees "after receiving federal funds 'to maintain' bridges/roadways." *See* ECF No. 1, PageID.6.

After making an attempt to resolve this dispute, to no avail, William-Dennis filed this civil rights action. ECF No. 1. This Motion followed thereafter. ECF No. 10. The Motion has been fully briefed. *See* ECF Nos. 12, 13. In lieu of holding a hearing, the Court will rule based on the record before it. *See* E.D. Mich. L.R. 7.1(f)(2).

## II.

A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, this does not negate the applicability of Federal Rule 8, which demands more than an unadorned . . . accusations. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). A plaintiff has an obligation to file a complaint that is "plausible on its face." *See City of Cleveland v. Ameriquest Mortg. Sec., Inc.*, 615 F.3d 496, 503 (6th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). To avoid dismissal under Federal Rule 12(b)(6), a plaintiff's well-pleaded factual allegations must "allow []the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Mattera v. Baffert*, 100 F.4th 734, 739 (6th Cir. 2024) (alteration in original) (quoting *Ashcroft*, 556 U.S. at 679).

In reviewing a 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff. *See Norris v. Stanley*, 73 F.4th 431, 435 (6th Cir. 2023). The Court also must "accept all of the complaint's factual allegations as true and determine whether these facts sufficiently state a plausible claim for relief." *Fouts v. Warren City Council*, 97 F.4th 459, 464 (6th Cir. 2024) (citing *Twombly*, 550 U.S. at 555-56). But pleadings that are no more than legal conclusions are not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3.

**III.**

**A. DISMISSAL PURSUANT TO RULE 8**

After further review of the Complaint, William-Dennis fails to state a claim that complies with the basic tenants of Federal Rule 8. *See, e.g.*, *Dorie v. Vellani*, No. 2:22-cv-10217, 2022 WL 1695766, at *1 (E.D. Mich. May 26, 2022); *accord United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017) (collecting cases rejecting arguments made by self-described "sovereign citizens"). The Complaint appears to allege a claim for a violation of the right to travel. *See id.* at PageID.5. However, the Complaint is void of any facts against any of the Defendants relating to these claims. Rule 8 of the Federal Rules of Civil Procedure requires "[a] pleading that states a claim for relief must contain . . . *a short and plain statement of the claim showing that the pleader is entitled to relief[.]*" Fed. R. Civ. P. 8 (emphasis added).

Even construing the *pro se* complaint liberally, the Court is unable to discern

3

if William-Dennis has any viable claims against the Defendants. If William-Dennis believes he has a viable claim, he must set out that claim in short and plain language, including facts associated with his claims. *See* Fed. R. Civ. P. 8. Here, he has not done so. Because the Court finds the Complaint fails to state an adequate claim of relief supported by facts, the case is subject to dismissal.[1]

## B.     ALTERNATIVE DISMISSAL FOR FAILURE TO STATE A CLAIM

Even in liberally construing the Complaint, Plaintiff fails to allege a § 1983 civil rights claim. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States[] and must show that allege deprivation was committed by a person acting under color of law." *Hester v. Chester Cnty, Tenn.*, 162 F.4th 780, 784 (6th Cir. 2025) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Fatal to a § 1983 claim, Plaintiff fails to identify any cognizable constitutional right which has been violated. There are three recognized components of the fundamental constitutional right to travel: (1) the right of a state citizen to enter and leave another state; (2) the right of the traveler to enjoy the privileges and immunities of another state; and (3) the right to be treated like other citizens if the traveler

---

[1] The Eastern District of Michigan Court website offers a section devoted to "Representing Yourself," including a "How to File a Lawsuit Handbook." *See Representing Yourself*, United States District Court, http://www.mied.uscourts.gov/index.cf m?pageFunction=proSe [https://perma.cc/83NU-SMP8] (last visited April 20, 2026). William-Dennis is instructed to review this website or seek counsel to assist him with filing a proper complaint with the Court.

establishes permanent residency. *Saenz v. Roe*, 526 U.S. 489, 500-03 (1999). William-Dennis did not allege that any of the three recognized components of a federally protected constitutional right to travel were violated. Nor does the payment of a toll implicate a violation of the right to travel. *See Ullmo v. Ohio Turnpike and Infrastructure Comm'n*, 126 F. Supp. 3d 910, 918 (N.D. Ohio 2015). Even if the Court were to infer that William-Dennis seeks to allege that he has a constitutional right to travel, his Complaint is devoid of facts to prove any such violation of any one of the recognized components of the right to travel.

Moreover, Defendants are also not state actors. A claim for damages under § 1983 is subject to dismissal if the Defendant is not a state actor. *See Townsend v. Guidance Cen.*, No. 24-1187, 2024 WL 5454757, at *2 (6th Cir. Oct. 2, 2024) (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978)). And for that same reason, the Court must also dismiss the Fourteenth Amendment claims for failure to state a claim upon which relief can be granted. *See Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) (holding that private entities are not state actors without significant state involvement); *see also Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992) (finding that state regulation and funding alone do not transform private conduct into state action).

## C. DECLARATORY AND INJUNCTIVE RELIEF

Lastly, to the extent that William-Dennis' Complaint alleges a claim for declaratory judgment and injunctive relief, both claims fail as a matter of law. A

claim for declaratory judgement, and likewise injunctive relief, is not a cognizable freestanding cause of action, but rather a specific type of relief. *See Goryoka v. Quicken Loans*, 519 F. App'x. 926, 929 (6th Cir. 2013) (holding that the district court properly dismissed a claim for injunctive relief, because the injunctive relief is a remedy, not a separate cause of action); *Duncan v. Tennessee Valley Authority Retirement System*, 123 F. Supp. 3d 972, 982 (M.D. Tenn. 2015), *affr'd in part by Duncan v. Myzyn*, 833 F.3d 567 (6th Cir. 2016) ("Declaratory judgment ... is not a cause of action, but a specific type of relief."); *accord Kelly v. Valeo N. Am., Inc.*, No. 2:24-cv-11066, 2025 WL 933943, at *8 (E.D. Mich. Mar. 27, 2025) (collecting cases). Therefore, the Court finds those claims are also subject to dismissal.

## IV.

Based on the analysis above, William-Dennis fails to state a plausible cause of action against the Defendants in this case. Accordingly, the Motion to Dismiss William-Dennis' claims (ECF No. 10) is **GRANTED**. Therefore, William-Dennis' Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**. The remaining motions pending in this case (ECF Nos. 16, 18, 20) are **DENIED AS MOOT**.

*This is a final order that closes this case.*

**IT IS SO ORDERED.**

Dated: April 22, 2026                          s/Brandy R. McMillion
    Detroit, Michigan                          HON. BRANDY R. MCMILLION
                                    United States District Judge